# RYAN

## *vs.*

# THE WASHINGTON AND GEORGETOWN RAIL-ROAD CO.

---

PRACTICE; EXCEPTIONS TO CHANGE; PRAYERS FOR INSTRUCTION.

1. Upon a general exception to the charge of a trial court to the jury, the charge will not be considered in detail to ascertain whether an exception might have been well taken to any special part thereof.

2. The excessive length of a prayer for instruction is sufficient to justify the trial court in refusing it, especially where the charge to the jury covers all the questions in the case.

No. 555.   Submitted April 20, 1896.   Decided May 19, 1896.

HEARING on an appeal by the plaintiff from a judgment on verdict in an action to recover damages for personal injuries.  *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Edwin Forrest* and *Mr. Charles Bendheim* for the appellant.

*Mr. Enoch Totten, Mr. J. S. Flannery* and *Mr. W. D. Davidge* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an action for damages for personal injuries received by the appellant, Michael P. Ryan, in an attempt to step upon the platform of a horse-car operated by the appellee, the Washington and Georgetown Railroad Company. The plaintiff's testimony tended to show the following state of facts: That the car had stopped at the signal of a person on the side of the street opposite the appellant; that he ap-

proached the front platform intending to get on, and was within some three feet of it when he nodded to the driver as an indication of his intention ; that the driver saw him, but instead of waiting, suddenly started the car as he attempted to reach the step, and thereby threw him down, inflicting severe injuries.

On the other hand, the appellee's testimony tended to show that the plaintiff made no signal to the driver to stop ; that the driver did not know that he wished to enter the car, and did not see him at all until he grasped the handrail of the car ; that the car was in motion when the appellant tried to step upon it; and that it was impossible for the driver to stop the car in time to prevent the injury that appellant received.

The appellant having taken a general exception to the charge of the court, we are not bound to consider it in detail to ascertain if an exception might have been well taken to any special paragraph thereof.

We find no cause for objection, however, to any part of the charge. It contains a correct statement of the law applicable to the facts, and carefully and fairly stated the material issues. The practical effect of the charge was that the jury might find for the plaintiff if they believed his evidence, and against him if they did not. This was all there was in the case. If the plaintiff told the truth, the driver was guilty of negligence in starting the car before he had time to get on. If he did not, then there was no negligence on the part of the defendant, and his injuries were due to his own negligence in attempting to enter a moving car. He took the risk and must abide the consequences. It is contended, however, that the court erred in refusing to give a special instruction asked by the plaintiff, to which refusal there was reserved a special exception. If for no other reason this instruction might have baen refused on account of its excessive length. It appears from the bill of exceptions that the court did not regard it as an erroneous statement of the law of the case, but as calculated to confuse the

jury "by reason of excessive verbiage and parentheses." Conceding, however, that it was a proper charge in every respect, the court was not bound to give it. Its own charge covered all the questions in the case and left nothing to be added; so that no harm could result to the appellant from the refusal of his instruction.

The judgment will be *affirmed, with costs.*